B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Larson, Jeffrey E. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Larson, Vanessa |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>None |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 2548 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): 9549 |
| Street Address of Debtor (No. and Street, City, and State)<br>560 W. Fairborn Ln.<br>Round Lake, IL          ZIPCODE 60073 | Street Address of Joint Debtor (No. and Street, City, and State)<br>560 W. Fairborn Ln.<br>Round Lake, IL          ZIPCODE 60073 |
| County of Residence or of the Principal Place of Business:<br>Lake | County of Residence or of the Principal Place of Business:<br>Lake |
| Mailing Address of Debtor (if different from street address):<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |

| Location of Principal Assets of Business Debtor (if different from street address above):          ZIPCODE |
|---|

**Type of Debtor**
(Form of Organization)
(Check **one** box)
- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

_____

**Nature of Business**
(Check **one** box)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**
(Check box, if applicable)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)
- [x] Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts

**Filing Fee** (Check one box)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only)   Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
- [ ] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000

Check all applicable boxes
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes, in accordance with  11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202 - Adobe PDF

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Jeffrey E. Larson & Vanessa Larson |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location<br>Where Filed:   NONE | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed:   N.A. | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:   NONE | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A**<br><br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br><br>☐   Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X   /s/ James T. Magee            September 22, 2009<br>Signature of Attorney for Debtor(s)            Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United Sates in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐   Landlord has a judgment for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable non bankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| B1 (Official Form 1) (1/08) | Page 3 |
|---|---|

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Jeffrey E. Larson & Vanessa Larson |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** /s/ Jeffrey E. Larson
Signature of Debtor

**X** /s/ Vanessa Larson
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

September 22, 2009
Date

**Signature of Attorney***

**X** /s/ James T. Magee
Signature of Attorney for Debtor(s)

JAMES T. MAGEE 1729446
Printed Name of Attorney for Debtor(s)

Magee, Negele & Associates, P.C.
Firm Name

444 North Cedar Lake Road
Address

Round Lake, Illinois 60073

(847) 546-0055
Telephone Number

September 22, 2009
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by § 1515 of title 11 are attached.

☐ Pursuant to 11 U.S.C.§ 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
(Signature of Foreign Representative)

(Printed Name of Foreign Representative)

(Date)

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, 2) I prepared this document for compensation, and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. § 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

Bankruptcy2009 ©1991-2009, New Hope Software, Inc. - ver. 4.4.9-740 - 3226Z - Adobe PDF

B1 D (Official Form 1, Exhibit D ) (12/08)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re Jeffrey E. Larson & Vanessa Larson _____ Case No._____

_____ Debtor(s) _____ (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

B1 D (Official Form 1, Exh. D) (12/08) – Cont.                                    Page 2

❏ 3.  I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4.  I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

 ❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

 ❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.)**;**

 ❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    /s/ Jeffrey E. Larson
        JEFFREY E. LARSON

Date:   September 22, 2009

B1 D (Official Form 1, Exhibit D ) (12/08)

# UNITED STATES BANKRUPTCY COURT
**Northern District of Illinois**

In re Jeffrey E. Larson & Vanessa Larson
_____
           **Debtor(s)**

Case No._____
         **(if known)**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑  1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐  2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

B1 D (Official Form 1, Exh. D)  (12/08) – Cont.

❏  3.   I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏  4.   I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

 ❏   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

 ❏   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**

 ❏   Active military duty in a military combat zone.

❏  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Joint Debtor:_____ /s/ Vanessa Larson _____

VANESSA LARSON

Date: _____September 22, 2009_____

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

**B6 Cover (Form 6 Cover) (12/07)**

# FORM 6. SCHEDULES

Summary of Schedules
Statistical Summary of Certain Liabilities and Related Data (28 U.S.C. § 159)

Schedule A - Real Property
Schedule B - Personal Property
Schedule C - Property Claimed as Exempt
Schedule D - Creditors Holding Secured Claims
Schedule E - Creditors Holding Unsecured Priority Claims
Schedule F - Creditors Holding Unsecured Nonpriority Claims
Schedule G - Executory Contracts and Unexpired Leases
Schedule H - Codebtors
Schedule I - Current Income of Individual Debtor(s)
Schedule J - Current Expenditures of Individual Debtor(s)

Unsworn Declaration under Penalty of Perjury

GENERAL INSTRUCTIONS: The first page of the debtor's schedules and the first page of any amendments thereto must contain a caption as in Form 16B. Subsequent pages should be identified with the debtor's name and case number. If the schedules are filed with the petition, the case number should be left blank

Schedules D, E, and F have been designed for the listing of each claim only once. Even when a claim is secured only in part or entitled to priority only in part, it still should be listed only once. A claim which is secured in whole or it part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed on Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

**B6A (Official Form 6A) (12/07)**

In re  <u>Jeffrey E. Larson & Vanessa Larson</u>          Case No. _____

          **Debtor**                                                   **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 560 West Fairborn Lane, Round Lake, Illinois | Joint Tenancy | J | 240,000.00 | 328,392.00 |
| | | Total ➤ | 240,000.00 | |

(Report also on Summary of Schedules.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

**B6B (Official Form 6B) (12/07)**

In re   Jeffrey E. Larson & Vanessa Larson                              Case No.  _____
　　　　　　　　　　Debtor                                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.　Cash on hand. | X | | | |
| 2.　Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Deposits of Money<br>Fifth Third Bank<br><br>Deposits of Money<br>Great Lakes Credit Union<br><br>Wage Deduction Escrow | J<br><br>J<br><br>W | 10.00<br><br>2,600.00<br><br>239.00 |
| 3.　Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.　Household goods and furnishings, including audio, video, and computer equipment. | | Livingroom Furniture<br>Household Furniture and Furnishings<br>Bedroom Furniture, Washer & Dryer<br>Kitchen Appliances, Kitchen Table and Chairs<br>Diningroom Set<br>Golf Clubs | J<br>J<br>J<br>J<br>J<br>J | 500.00<br>500.00<br>600.00<br>700.00<br>100.00<br>350.00 |
| 5.　Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.　Wearing apparel. | | Wearing Apparel | J | 600.00 |
| 7.　Furs and jewelry. | | Jewelry | J | 1,000.00 |
| 8.　Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.　Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.　Annuities. Itemize and name each issuer. | X | | | |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3226Z - Adobe PDF

In re   Jeffrey E. Larson & Vanessa Larson                                    Case No. _____
                    **Debtor**                                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | TRS | W | 9,549.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2001 Acura MDX<br>2006 BMW X3 Lease | H<br>H | 8,200.00<br>20,000.00 |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202 - Adobe PDF

In re   Jeffrey E. Larson & Vanessa Larson                                         Case No. _____
           **Debtor**                                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Lawnmower and Snowblower | J | 200.00 |
| | | 1996 Double Single Tandem Trailer | J | 600.00 |
| | | 1996 Gulfstream Travel Trailer | J | 500.00 |
| 26. Boats, motors, and accessories. | | 2007 Seadoo Wave Runner | J | 4,000.00 |
| | | 2004 Baja Boat | J | 15,000.00 |
| | | 1996 Seadoo XP Waverunner (not operable) | J | 500.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | Home Computer | H | 200.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Hand tools | H | 200.00 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

            0

            continuation sheets attached     Total    $     66,148.00

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3226Z - Adobe PDF

B6C (Official Form 6C)  (12/07)

In re   Jeffrey E. Larson & Vanessa Larson _____   Case No. _____
         **Debtor**                                                                    **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐   11 U.S.C. § 522(b)(2)                    ☐   Check if debtor claims a homestead exemption that exceeds
☑   11 U.S.C. § 522(b)(3)                            $136,875.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 560 West Fairborn Lane, Round Lake, Illinois | 735 ILCS 5/12-901<br>735 ILCS 5/12-901 | 15,000.00<br>15,000.00 | 240,000.00 |
| 2001 Acura MDX | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(c) | 1,486.00<br>2,400.00 | 8,200.00 |
| Deposits of Money | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 1,300.00<br>1,300.00 | 2,600.00 |
| Wage Deduction Escrow | 735 ILCS 5/12-1001(b) | 239.00 | 239.00 |
| Household Furniture and Furnishings | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 200.00<br>200.00 | 500.00 |
| Bedroom Furniture, Washer & Dryer | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 100.00<br>200.00 | 600.00 |
| Kitchen Appliances, Kitchen Table and Chairs | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 100.00<br>251.00 | 700.00 |
| Diningroom Set | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 10.00<br>10.00 | 100.00 |
| Wearing Apparel | 735 ILCS 5/12-1001(a)<br>735 ILCS 5/12-1001(a) | 300.00<br>300.00 | 600.00 |
| Jewelry | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 200.00<br>750.00 | 1,000.00 |
| Golf Clubs | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(a) | 150.00<br>100.00 | 350.00 |
| TRS | 735 ILCS 5/12-1006 | 9,549.00 | 9,549.00 |
| Lawnmower and Snowblower | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 50.00<br>50.00 | 200.00 |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

B6C (Official Form 6C) (12/07) -- Cont.

In re   Jeffrey E. Larson & Vanessa Larson                    Case No. _____
            **Debtor**                                                        **(If known)**

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Page)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1996 Double Single Tandem Trailer | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 154.00<br>350.00 | 600.00 |
| 1996 Gulfstream Travel Trailer | 735 ILCS 5/12-1001(b)<br>735 ILCS 5/12-1001(b) | 0.00<br>400.00 | 500.00 |
| 1996 Seadoo XP Waverunner (not operable) | 735 ILCS 5/12-1001(b) | 250.00 | 500.00 |
| Hand tools | 735 ILCS 5/12-1001(b) | 200.00 | 200.00 |

B6D (Official Form 6D) (12/07)

In re _____Jeffrey E. Larson & Vanessa Larson_____,    Case No. _____
       **Debtor**                                                                  **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

  List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

  If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

  If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

  Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1981<br><br>BMW Financial Services<br>5515 Parkcenter Circle<br>Dublin, OH 43017 | | H | Lien: Automobile Lease<br>Security: 2006 BMW X3<br><br>VALUE $      20,000.00 | | | | 6,146.00 | 0.00 |
| ACCOUNT NO. 1981<br><br>BMW Financial Services<br>P. O. Box 3608<br>Dublin, OH 43016 | | H | <br><br>VALUE $      0.00 | | | | Notice Only | Notice Only |
| ACCOUNT NO. 4601<br><br>Consumers Cooperative Credit Union<br>P. O. Box 9119<br>Waukegan, IL 60079-9119 | | J | Lien: Wave Runner Loan<br>Security: 2007 Seadoo Wave Runner<br><br>VALUE $      4,000.00 | | | | 4,547.00 | 547.00 |

__2__ continuation sheets attached

Subtotal▶   $    10,693.00      $    547.00
(Total of this page)

Total▶   $         $
(Use only on last page)

(Report also on Summary of Schedules)      (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**B6D (Official Form 6D) (12/07) – Cont**.

In re   Jeffrey E. Larson & Vanessa Larson_____,      Case No. _____
_____**Debtor**_____                                              **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 5260<br><br>Dell Financial Services<br>Attn: Bankruptcy Dept.<br>12234 North IH 35<br>Austin, TX, 78753 | | H | Lien: Electronics<br>Security: Home Computer<br>Balance on Account<br><br>VALUE $          200.00 | | | | 4,851.00 | 4,651.00 |
| ACCOUNT NO.<br><br>Dell Financial Services<br>c/o Accounts Receivable<br>P. O. Box 129<br>Throrfare, NJ 08086-0129 | | H | <br><br>VALUE $          0.00 | | | | Notice Only | Notice Only |
| ACCOUNT NO. 6249<br><br>Fifth Third Bank<br>38 Fountain Square Place<br>Cincinnati, OH 45202 | | H | Lien: Boat Loan<br>Security: 2004 Baja Boat<br><br>VALUE $          15,000.00 | | | | 20,015.00 | 5,015.00 |
| ACCOUNT NO. 6249<br><br>Fifth Third Bank<br>c/o Bankruptcy Dept<br>1850 East Paris<br>Grand Rapids, MI 49546 | | H | <br><br>VALUE $          0.00 | | | | Notice Only | Notice Only |
| ACCOUNT NO. 1690<br><br>G M A C<br>15303 South 94th Ave<br>Orland Park, IL 60462 | | H | Lien: Automobile Loan<br>Security: 2001 Acura MDX<br><br>VALUE $          8,200.00 | | | | 4,314.00 | 0.00 |

Sheet no.  1  of  2  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal (s)          $   29,180.00     |   $
(Total(s) of this page)
Total(s)          $          |   $
(Use only on last page)

(Report also on          (If applicable, report
Summary of Schedules)   also on Statistical
                        Summary of Certain
                        Liabilities and Related
                        Data.)

**B6D (Official Form 6D) (12/07) – Cont**.

In re    Jeffrey E. Larson & Vanessa Larson_____,         Case No. _____

          **Debtor**                                                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1690<br><br>G M A C<br>2740 Arthur Street<br>Roseville, MN 55113 | | H | | | | | Notice Only | Notice Only |
| | | | VALUE $          0.00 | | | | | |
| ACCOUNT NO. 0209<br><br>Great Lakes Credit Union<br>2525 Green Bay Road<br>North Chicago, IL 60064 | | J | Lien: First Mortgage<br>Security: 560 West Fairborn Lane,<br>Round Lake, Illinois | | | | 328,392.00 | 88,392.00 |
| | | | VALUE $     240,000.00 | | | | | |
| ACCOUNT NO. 3005<br><br>WFNNB The RoomPlace<br>Bankruptcy Department<br>P. O. Box 182125<br>Columbus, OH 43218-2125 | | J | Lien: PMSI<br>Security: Livingroom Furniture | | | | 2,137.00 | 1,637.00 |
| | | | VALUE $          500.00 | | | | | |
| ACCOUNT NO. 7523<br><br>WFNNB The RoomPlace<br>c/o Nco Fin22<br>507 Prudential Road<br>Horsham, PA 19044 | | W | | | | | Notice Only | Notice Only |
| | | | VALUE $          0.00 | | | | | |
| ACCOUNT NO.<br><br> | | | | | | | | |
| | | | VALUE $ | | | | | |

Sheet no.   2   of   2   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal (s)
(Total(s) of this page)        $   330,529.00     $   90,029.00

Total(s)
(Use only on last page)       $   370,402.00     $  100,242.00

(Report also on          (If applicable, report
Summary of Schedules)    also on Statistical
                         Summary of Certain
                         Liabilities and Related
                         Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

**B6E (Official Form 6E) (12/07)**

In re  Jeffrey E. Larson & Vanessa Larson                                    ,        Case No._____
_____                              (if known)
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed.R.Bankr.P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H,""W,""J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3226Z - Adobe PDF

**B6E (Official Form 6E) (12/07) - Cont.**

In re_____,    Case No._____
Jeffrey E. Larson & Vanessa Larson
               Debtor                                                         (if known)

☐   **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐   **Deposits by individuals**

    Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

1
____ **continuation sheets attached**

B6E (Official Form 6E) (12/07) - Cont.

In re  Jeffrey E. Larson & Vanessa Larson _____ ,          Case No. _____
　　　　　　　　Debtor                                                                          (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)    Sec. 507(a)(8)

Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above..) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Internal Revenue Service<br>230 South Dearborn Street<br>Stop 5014CHI<br>Chicago, IL 60604 | | J | Incurred: 2007<br>Federal Income Tax | | | | 5,400.00 | 5,400.00 | 0.00 |
| ACCOUNT NO.<br><br><br> | | | | | | | | | |
| ACCOUNT NO.<br><br><br> | | | | | | | | | |
| ACCOUNT NO.<br><br><br> | | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | | |
|---|---|---|---|
| Subtotal (Totals of this page) | $ 5,400.00 | $ | $ |
| Total (Use only on last page of the completed Schedule E.)  Report also on the Summary of Schedules) | $ 5,400.00 | | |
| Totals (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | $ | $ 5,400.00 | $ 0.00 |

B6F (Official Form 6F) (12/07)

In re  Jeffrey E. Larson & Vanessa Larson_____,                    Case No. _____
         **Debtor**                                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5492 <br><br> ACS/Dept Of Education <br> 501 Bleecker Street <br> Utica, NY 13501 | | W | Student Loan | | | | 8,529.00 |
| ACCOUNT NO.  6554 <br><br> Advocate Condell Medical Ctr. <br> 97169 Eagle Way <br> Chicago, IL 60678-9710 | | W | Balance on Account | | | | 222.33 |
| ACCOUNT NO.  1323 <br><br> American Express <br> c/o Becket and Lee <br> P. O. Box 3001 <br> Malvern, PA 19355 | | H | | | | | Notice Only |
| ACCOUNT NO.  1323 <br><br> American Express <br> P. O. Box 297871 <br> Fort Lauderdale, FL 33329 | | H | Balance on Account | | | | 7,180.00 |

_____15____continuation sheets attached

Subtotal ➤  $  15,931.33

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jeffrey E. Larson & Vanessa Larson_____,        Case No. _____
                    **Debtor**                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  1407<br><br>Anesthesia Consultants<br>c/o Certified Services Inc<br>1733 Washington Street<br>Waukegan, IL 60085 | | H | Balance on Account | | | | 151.00 |
| ACCOUNT NO.  7126<br><br>AT&T Midwest<br>c/o CBCS<br>P. O. Box 69<br>Columbus, OH 43216 | | W | Balance on Account | | | | 291.48 |
| ACCOUNT NO.  267<br><br>Bank of America<br>4060 Ogletown/Stan<br>Newark, DE 19713 | | H | Balance on Account | | | | 33,803.00 |
| ACCOUNT NO.  1827<br><br>Bank of America<br>4060 Ogletown/stan<br>Newark, DE 19713 | | H | Balance on Account | | | | 8,098.00 |
| ACCOUNT NO.  267<br><br>Bank Of America<br>Attn Bankruptcy<br>P. O. Box 26012<br>Greensboro, NC 27410 | | H | | | | | Notice Only |

Sheet no.  1  of  15  continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $  42,343.48

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jeffrey E. Larson & Vanessa Larson                    ,          Case No. _____
                **Debtor**                                                                          **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Bank of America <br> c/o NCO Financial <br> 507 Prudential Road <br> Horsham, PA 19044 | | H | | | | | Notice Only |
| ACCOUNT NO.  8401 <br><br> Barclays Bank Delaware <br> 125 South West Street <br> Wilmington, DE 19801 | | H | Balance on Account | | | | 11,437.00 |
| ACCOUNT NO.  8401 <br><br> Barclays Bank Delaware <br> Attention Customer Support <br> Department <br> P. O. Box 8833 <br> Wilmington, DE 19899 | | H | | | | | Notice Only |
| ACCOUNT NO.  5061 <br><br> Bill Me Later <br> c/o American Coradius <br> 2420 Sweet Home Rd. #150 <br> Amherst, NY 14228-2244 | | W | Balance on Account | | | | 872.80 |
| ACCOUNT NO.  6041 <br><br> BMW Bank Of North America <br> 2735 East Parleys Way <br> Salt Lake City, UT 84109 | | H | Balance on Account | | | | 14,848.00 |

Sheet no. __2__ of __15__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 27,157.80

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Jeffrey E. Larson & Vanessa Larson_____,        Case No. _____
               **Debtor**                                                                     **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  4673<br><br>Capital One<br>P. O. Box 5155<br>Norcross, GA 30091 | | W | Balance on Account | | | | 3,349.00 |
| ACCOUNT NO.  5829<br><br>Capital One<br>P. O. Box 85520<br>Richmond, VA 23285 | | H | Balance on Account | | | | 4,508.00 |
| ACCOUNT NO.  5462<br><br>Capital One<br>P. O. Box 85520<br>Richmond, VA 23285 | | W | Balance on Account | | | | 1,544.00 |
| ACCOUNT NO.  5414<br><br>Capital One Bank<br>c/o Freedman Anselmo<br>P. O. Box 3228<br>Naperville, IL 60566-7228 | | H | | | | | Notice Only |
| ACCOUNT NO.  0292<br><br>Capital One Bank<br>c/o GC Services<br>6330 Gulfton<br>Houston, TX 77081 | | W | | | | | Notice Only |

Sheet no.  3  of  15  continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ 9,401.00

Total ➤ | $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Jeffrey E. Larson & Vanessa Larson _____,      Case No. _____
           **Debtor**                                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  9853 <br><br> Capital One Services <br> c/o Nelson, Watson & Assoc. <br> 80 Merrimack St. Lower Level <br> Haverhill, MA 01830 | | W | | | | | Notice Only |
| ACCOUNT NO.  8375 <br><br> Chase <br> P. O. Box 15298 <br> Wilmington, DE 19850 | | W | Balance on Account | | | | 16,669.00 |
| ACCOUNT NO.  1253 <br><br> Chase <br> P. O. Box 15298 <br> Wilmington, DE 19850 | | H | Balance on Account | | | | 12,095.00 |
| ACCOUNT NO.  4073 <br><br> Chase <br> P. O. Box 15298 <br> Wilmington, DE 19850 | | W | Balance on Account | | | | 1,315.00 |
| ACCOUNT NO.  7822 <br><br> Chase Bank <br> c/o American Coradius <br> P. O. Box 505 <br> Linden, MI 48451-0505 | | H | | | | | Notice Only |

Sheet no.  4   of  15   continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  | $ | 30,079.00

Total ➤  | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re  Jeffrey E. Larson & Vanessa Larson                    ,          Case No. _____
           **Debtor**                                                             **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Chase Bank <br> c/o Creditors Interchange <br> 80 Holtz Drive <br> Buffalo, NY 14225 | | W | | | | | Notice Only |
| ACCOUNT NO.  0690 <br><br> Citibank <br> Attn Centralized Bankruptcy <br> P. O. Box 20507 <br> Kansas City, MO 64915 | | W | Balance on Account | | | | 7,578.00 |
| ACCOUNT NO.  1056 <br><br> Citibank <br> c/o Blatt Hasenmiller Leibsker <br> P. O. Box 5463 <br> Chicago, IL 60680-5463 | | W | | | | | Notice Only |
| ACCOUNT NO.  2307 <br><br> Citibank <br> P. O. Box 6241 <br> Sioux Falls, SD 57117 | | H | Balance on Account | | | | 14,748.00 |
| ACCOUNT NO.  5541 <br><br> Condell Medical Center <br> c/o Harris & Harris, Ltd. <br> 222 Merchandies Mart, #1900 <br> Chicago, IL 60654 | | J | Balance on Account | | | | 222.33 |

Sheet no. __5__ of __15__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 22,548.33

Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202 - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re   Jeffrey E. Larson & Vanessa Larson_____ ,        Case No. _____
              **Debtor**                                                                        **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  7320<br><br>DSNB Macys<br>9111 Duke Blvd<br>Mason, OH 45040 | | W | Balance on Account | | | | 2,083.00 |
| ACCOUNT NO.  2454<br><br>DSNB/Macys<br>c/o Omni Credit Services<br>P. O. Box 23381<br>Tampa, FL 33623 | | W | | | | | Notice Only |
| ACCOUNT NO.  0001<br><br>Edsouth W/JP Morgan<br>120 N Sevenoaks Dr<br>Knoxville, TN 37922 | | W | Student Loan | | | | 5,040.00 |
| ACCOUNT NO.  0002<br><br>Edsouth W/JP Morgan<br>120 N Sevenoaks Dr<br>Knoxville, TN 37922 | | W | Student Loan | | | | 5,002.00 |
| ACCOUNT NO.  0003<br><br>Edsouth W/JP Morgan<br>120 N Sevenoaks Dr<br>Knoxville, TN 37922 | | W | Student Loan | | | | 401.00 |

Sheet no.  6   of  15  continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $    12,526.00

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3226Z - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jeffrey E. Larson & Vanessa Larson                    ,        Case No. _____
         **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5549<br><br>Fairview Pediatrics<br>c/o MHFS<br>10200 W Innovation Dr St<br>Milwaukee, WI 53226 | | J | Balance on Account | | | | 594.00 |
| ACCOUNT NO.  5549<br><br>Fairview Pediatrics<br>c/o MHFS<br>P. O. Box 1996<br>Milwaukee, WI 53201 | | J | | | | | Notice Only |
| ACCOUNT NO.  3744<br><br>Fifth Third Bank<br>5050 Kingsley Drive<br>Cincinnati, OH 45263 | | H | Balance on Account | | | | 1,262.00 |
| ACCOUNT NO.  3728<br><br>Fifth Third Bank<br>5050 Kingsley Drive<br>Cincinnati, OH 45263 | | W | Balance on Account | | | | 1,062.00 |
| ACCOUNT NO.  3744<br><br>Fifth Third Bank<br>c/o Bankruptcy Dept<br>1850 East Paris<br>Grand Rapids, MI 49546 | | H | | | | | Notice Only |

Sheet no.  7   of  15   continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $        2,918.00

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re   Jeffrey E. Larson & Vanessa Larson_____,     Case No. _____
      **Debtor**                                                            **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT ORCOMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  1231<br><br>Fifth Third Bank/HSBC NV<br>Bankruptcy Department<br>P. O. Box 3425<br>Buffalo, NY 14240-9733 | | H | Balance on Account | | | | 791.00 |
| ACCOUNT NO.  0184<br><br>First National Bank of Omaha<br>c/o Unifund<br>10625 Techwoods Circle<br>Cincinnati, OH 45242 | | H | Balance on Account | | | | 3,118.00 |
| ACCOUNT NO.  5183<br><br>G M A C<br>2740 Arthur Street<br>Roseville, MN 55113 | | H | Balance on Prior Lease Account | | | | 4,598.51 |
| ACCOUNT NO.  9201<br><br>Gastroenterology Consultants<br>890 Garfield Avenue<br>Suite 103<br>Libertyville, IL 60048 | | J | Balance on Account | | | | 210.60 |
| ACCOUNT NO.<br><br>GEMB/Gap<br>c/o CAC Financial Corp.<br>2601 NW Expressway, #1000East<br>Oklahoma City, OK 73112-7236 | | W | Balance on Account | | | | Notice Only |

Sheet no.  8  of  15  continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $         8,718.11

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jeffrey E. Larson & Vanessa Larson                    ,          Case No. _____

           **Debtor**                                                                                   **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202 - Adobe PDF

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  7185<br><br>GEMB/Gap<br>P. O. Box 981400<br>El Paso, TX 79998 | | W | Balance on Account | | | | 849.63 |
| ACCOUNT NO.  0850<br><br>GEMB/JC Penney<br>Attention: Bankruptcy<br>P. O. Box 103106<br>Roswell, GA 30076 | | W | | | | | Notice Only |
| ACCOUNT NO.  3737<br><br>GEMB/JC Penney<br>P. O. Box 984100<br>El Paso, TX 79998 | | W | Balance on Account | | | | 552.00 |
| ACCOUNT NO.  5246<br><br>GEMB/Paypal Buyer Credit<br>c/o NCO Financial<br>4740 Baxter Road<br>Virginia Beach, VA 23462 | | W | Balance on Account | | | | 329.00 |
| ACCOUNT NO.  0751<br><br>HSBC<br>c/o NCO Financial<br>507 Prudential Road<br>Horsham, PA 19044 | | H | | | | | Notice Only |

Sheet no.  9  of  15  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $  1,730.63

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jeffrey E. Larson & Vanessa Larson                    ,          Case No. _____
         **Debtor**                                                           **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  0751<br><br>HSBC Bank<br>Attn: Bankruptcy<br>P. O. Box 5253<br>Carol Stream, IL 60197 | | H | | | | | Notice Only |
| ACCOUNT NO.  3765<br><br>HSBC Bank Nevada<br>c/o Midland Credit Mgmt<br>8875 Aero Drive<br>San Diego, CA 92123 | | W | Balance on Account | | | | 1,030.00 |
| ACCOUNT NO.  7161<br><br>HSBC Card Services<br>c/o Malcolm S. Gerald & Assoc.<br>332 S. Michigan Ave., #600<br>Chicago, IL 60604 | | W | | | | | Notice Only |
| ACCOUNT NO.  0751<br><br>HSBC NV<br>Bankruptcy Department<br>P. O. Box 3425<br>Buffalo, NY 14240-9733 | | H | Balance on Account | | | | 537.00 |
| ACCOUNT NO.  7161<br><br>HSBC/Fifth Third Bank<br>P. O. Box 80051<br>Salinas, CA 93912-0069 | | W | Balance on Account | | | | 1,025.68 |

Sheet no.  10  of  15  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ | $ | 2,592.68
Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jeffrey E. Larson & Vanessa Larson_____,          Case No. _____
            **Debtor**                                                                 **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  2952<br><br>Kohls/Chase<br>N56 W 17000 Ridgewood Dr<br>Menomonee Falls, WI 53051 | | W | Balance on Account | | | | 1,298.00 |
| ACCOUNT NO.  0657<br><br>Lake County Anesthesiologists<br>P. O. Box 70<br>Lake Forest, IL 60045 | | J | Balance on Account | | | | 115.20 |
| ACCOUNT NO.  4775<br><br>Lake County Radiology Assoc.<br>c/o Dependon Collection Se<br>P. O. Box 4833<br>Oak Brook, IL 60522 | | J | Balance on Account | | | | 171.00 |
| ACCOUNT NO.  7582<br><br>Lake Forest Hospital<br>c/o CBCS<br>P. O. Box 165025<br>Columbus, OH 43216-5025 | | J | Balance on Account | | | | 100.00 |
| ACCOUNT NO.  7320<br><br>Macys/FDSB<br>Macys Bankruptcy<br>P. O. Box 8053<br>Mason, OH 45040 | | W | | | | | Notice Only |

Sheet no.  11  of  15  continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤   $      1,684.20

Total ➤   $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

B6F (Official Form 6F) (12/07) - Cont.

In re   Jeffrey E. Larson & Vanessa Larson                    ,          Case No. _____
                  **Debtor**                                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  7265<br><br>Midwest Diagnostic Pathology<br>75 Remittance Drive<br>Suite 3070<br>Chicago, IL 60675-3070 | | J | Balance on Account | | | | 72.40 |
| ACCOUNT NO.  6128<br><br>Midwest Diagnostic Pathology<br>c/o Medical Recovery<br>225 E. Devon Ave., #352<br>Des Plaines, IL 60018-4519 | | J | | | | | Notice Only |
| ACCOUNT NO.  6332<br><br>Quest Diagnostics<br>c/o Credit Collection<br>Two Wells Ave. Dept. 587<br>Newton, MA 02459 | | J | Balance on Account | | | | 145.38 |
| ACCOUNT NO.  0128<br><br>Sallie Mae<br>1002 Arthur Drive<br>Lynn Haven, FL 32444 | | W | Student Loan | | | | 8,928.00 |
| ACCOUNT NO.  1003<br><br>Sallie Mae<br>1002 Arthur Drive<br>Lynn Haven, FL 32444 | | J | Student Loan | | | | 5,430.00 |

Sheet no.  12  of  15  continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤          $          14,575.78

Total ➤              $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3262 - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re   Jeffrey E. Larson & Vanessa Larson_____ ,            Case No. _____
              **Debtor**                                                                    **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 1003<br><br>Sallie Mae<br>Attn: Claims Dept<br>P. O. Box 9500<br>Wilkes Barre, PA 18773 | | J | | | | | Notice Only |
| ACCOUNT NO. 9294<br><br>Sears/Citibank<br>701 East 60th St N<br>Sioux Falls, SD 57117 | | H | Balance on Account | | | | 2,197.00 |
| ACCOUNT NO. 8519<br><br>Sears/Citibank<br>P. O. Box 6189<br>Sioux Falls, SD 57117 | | H | Balance on Account | | | | 6,394.00 |
| ACCOUNT NO. 7487<br><br>Sears/Citibank<br>P. O. Box 6286<br>Sioux Falls, SD 57117 | | H | Balance on Account | | | | 5,742.22 |
| ACCOUNT NO. 2890<br><br>Shop At Home PCM Purchase<br>c/o Prfrmnce Cap<br>7001 Village Drive, #255<br>Buena Park, CA 90621 | | W | Balance on Account | | | | 203.00 |

Sheet no. 13  of 15  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤  $  14,536.22

Total ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jeffrey E. Larson & Vanessa Larson_____ ,          Case No. _____
        **Debtor**                                                              **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  9027<br><br>Terminix International<br>c/o Nationwide Credit<br>2015 Vaughn Rd., NW #400<br>Kennesaw, GA 30144-7802 | | W | Balance on Account | | | | 98.00 |
| ACCOUNT NO.  8002<br><br>US Airways/Barclay Bank<br>c/o Northstar Location Serv.<br>4285 Genesee Street<br>Cheektowaga, NY 14225-1943 | | H | | | | | Notice Only |
| ACCOUNT NO.  5491<br><br>Wachovia/ACS<br>501 Bleecker Street<br>Utica, NY 13501 | | W | Student Loan | | | | 39,205.00 |
| ACCOUNT NO.  5493<br><br>Wachovia/ACS<br>501 Bleecker Street<br>Utica, NY 13501 | | W | Student Loan | | | | 22,459.00 |
| ACCOUNT NO.  5923<br><br>Walgreens Home Care<br>P. O. Box 4018<br>Danville, IL 61834-4018 | | J | Balance on Account | | | | 499.53 |

Sheet no.  14  of  15  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

                                          Subtotal ➤ | $ | 62,261.53

                                          Total ➤ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

**B6F (Official Form 6F) (12/07) - Cont.**

In re  Jeffrey E. Larson & Vanessa Larson                    ,          Case No. _____
               **Debtor**                                                                **(If known)**

# SCHEDULE F- CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  5923<br><br>Walgreens Home Medical Care<br>c/o Affiliated Group, inc.<br>P. O. Box 7739<br>Rochester, MN 55903 | | J | | | | | Notice Only |
| ACCOUNT NO.  4073<br><br>Washington Mutual/Providian<br>Attn Bankruptcy Dept.<br>P. O. Box 10467<br>Greenville, SC 29603 | | W | | | | | Notice Only |
| ACCOUNT NO.  1568<br><br>XM Satellite Radio<br>c/o Collection Company<br>700 Longwater Drive<br>Norwell, MA 02061 | | W | Balance on Account | | | | 25.90 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no.  15  of  15  continuation sheets attached
to Schedule of  Creditors Holding Unsecured
Nonpriority Claims

Subtotal ► $         25.90

Total ► $    269,029.99

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202 - Adobe PDF

B6G (Official Form 6G) (12/07)

In re  Jeffrey E. Larson & Vanessa Larson
_____     Case No. _____
         **Debtor**                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3226Z - Adobe PDF

**B6H (Official Form 6H) (12/07)**

In re  Jeffrey E. Larson & Vanessa Larson                            Case No. _____
          **Debtor**                                                                    **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

B6I (Official Form 6I) (12/07)

In re __Jeffrey E. Larson & Vanessa Larson_____    Case _____
           **Debtor**                                                    **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:    Married | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): son, daughter, daughter | AGE(S): 20, 16, 1 |

| **Employment:** | **DEBTOR** | **SPOUSE** |
|---|---|---|
| Occupation | General Sales Manager | Teacher |
| Name of Employer | Martin Nissan | CLC/District 46 |
| How long employed | 11 Months | 2 Years |
| Address of Employer | Skokie, Illinois | Grayslake, Illinois |
| | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1.  Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 9,000.00 | $ 4,324.42 |
| 2.  Estimated monthly overtime | $ 0.00 | $ 0.00 |
| 3.  SUBTOTAL | $ 9,000.00 | $ 4,324.42 |
| 4.  LESS PAYROLL DEDUCTIONS | | |
|     a.  Payroll taxes and social security | $ 1,800.00 | $ 864.80 |
|     b.  Insurance | $ 949.56 | $ 0.00 |
|     c.  Union Dues | $ 0.00 | $ 50.00 |
|     d.  Other (Specify): __(S)TRS (Mandatory)_____) | $ 0.00 | $ 331.30 |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | $ 2,749.56 | $ 1,246.10 |
| 6..  TOTAL NET MONTHLY TAKE HOME PAY | $ 6,250.44 | $ 3,078.32 |
| 7.  Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8.  Income from real property | $ 0.00 | $ 0.00 |
| 9.  Interest and dividends | $ 0.00 | $ 0.00 |
| 10.  Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11.  Social security or other government assistance ( Specify) | $ 0.00 | $ 0.00 |
| 12.  Pension or retirement income | $ 0.00 | $ 0.00 |
| 13.  Other monthly income (Specify) | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14.  SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15.  AVERAGE MONTHLY INCOME (Add amounts shown on Lines 6 and 14) | $ 6,250.44 | $ 3,078.32 |
| 16.  COMBINED AVERAGE  MONTHLY INCOME  (Combine column totals from line 15) | $ 9,328.76 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17.  Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    Debtor's income varies with commissions & has declined substantially over last 2 yrs., & is likely to continue to decline with declining car sales; Spouse's current income is higher than 6 mo. average because of recent pay increase and part time job.

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

In re   Jeffrey E. Larson & Vanessa Larson       Case No. _____

       **Debtor**                                              **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

      Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 2,858.00 |
|      a. Are real estate taxes included?   Yes ✓   No _____ | |
|      b. Is property insurance included?   Yes ✓   No _____ | |
| 2. Utilities: a. Electricity and heating fuel | $ 400.00 |
|           b. Water and sewer | $ 90.00 |
|           c. Telephone | $ 200.00 |
|           d. Other Cable and Internet | $ 60.00 |
| 3. Home maintenance (repairs and upkeep) | $ 100.00 |
| 4. Food | $ 900.00 |
| 5. Clothing | $ 150.00 |
| 6. Laundry and dry cleaning | $ 150.00 |
| 7. Medical and dental expenses | $ 750.00 |
| 8. Transportation (not including car payments) | $ 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 200.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|      a. Homeowner's or renter's | $ 0.00 |
|      b. Life | $ 67.00 |
|      c. Health | $ 0.00 |
|      d. Auto | $ 245.00 |
|      e. Other Umbrella police | $ 25.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) Internal Revenue Service | $ 400.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|      a. Auto | $ 1,006.00 |
|      b. Other Boat and Waverunner Installments | $ 410.00 |
|      c. Other Child Care | $ 1,083.00 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other Bankruptcy attorney fees | $ 200.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, | $ 9,794.00 |

if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

     Debtor has sleep apnea and diabetes; medical and dental expenses vary and may be higher in future.

     Debtors have approximately $95,000 in student loans now in deferral.

20. STATEMENT OF MONTHLY NET INCOME

| | |
|---|---:|
|      a. Average monthly income from Line 15 of Schedule I (Includes spouse income of $3,078.32. See Schedule I) | $ 9,328.76 |
|      b. Average monthly expenses from Line 18 above | $ 9,794.00 |
|      c. Monthly net income (a. minus b.)      (Net includes Debtor/Spouse combined Amounts) | $ -465.24 |

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### Northern District of Illinois

In re  Jeffrey E. Larson & Vanessa Larson
_____
Debtor

Case No. _____

Chapter ___7___

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $  240,000.00 | | |
| B – Personal Property | YES | 3 | $  66,148.00 | | |
| C – Property Claimed as exempt | YES | 2 | | | |
| D – Creditors Holding Secured Claims | YES | 3 | | $  370,402.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $  5,400.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 16 | | $  269,029.99 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $  9,328.76 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $  9,794.00 |
| TOTAL | | 32 | $  306,148.00 | $  644,831.99 | |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3202c - Adobe PDF

# United States Bankruptcy Court
### Northern District of Illinois

In re  Jeffrey E. Larson & Vanessa Larson    Case No. _____

Debtor

Chapter    7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 5,400.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 94,994.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 100,394.00 |

**State the Following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ 9,328.76 |
| Average Expenses (from Schedule J, Line 18) | $ 9,794.00 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ 0.00 |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 100,242.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 5,400.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 269,029.99 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 369,271.99 |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3226/2 - Adobe PDF

In re ___Jeffrey E. Larson & Vanessa Larson_____    Case No. _____
         **Debtor**                                                      **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____34_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date ___September 22, 2009_____    Signature: ___/s/ Jeffrey E. Larson_____
                                                                    Debtor:

Date ___September 22, 2009_____    Signature: ___/s/ Vanessa Larson_____
                                                                    (Joint Debtor, if any)

[If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------------------------------------------

#### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____        _____
Printed or Typed Name and Title, if any,                  Social Security No.
of Bankruptcy Petition Preparer                            *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X _____        _____
   Signature of Bankruptcy Petition Preparer                        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

-------------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____sheets *(total shown on summary page plus 1),*and that they are true and correct to the best of my knowledge, information, and belief.

Date _____    Signature: _____

                                                        _____
                                                        (Print or type name of individual signing on behalf of debtor.)

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-------------------------------------------------------------------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In Re  Jeffrey E. Larson & Vanessa Larson                                    Case No. _____
                                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS

   This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

   Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25.  **If the answer to an applicable question is "None," mark the box labeled "None."**  If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

   *"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

   *"Insider."*  The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C. § 101.

―――――――――――――――――――――――

### 1.  Income from employment or operation of business

None

☐

   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2009(db) | $83,391 | Employment |
| 2008(db) | $119,878 | Employment |
| 2007(db) | $194,639 | Employment |
| | | |
| 2009(jdb) | $32,000 | Employment |
| 2008(jdb) | $38,186 | Employment |
| 2007(jdb) | $37,381 | Employment |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3226/2 - Adobe PDF

**2. Income other than from employment or operation of business**

None

☒          State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                    SOURCE

**3. Payments to creditors**

None

☐          *Complete a. or b., as appropriate, and c.*

*a. Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Current monthly mortgage and vehicle payments | | | |

None

☒          *b. Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*)  any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative   repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

☐     *c. All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Joint Debtor's Mother for Childcare Relationship: Mother | Weekly | $250 Weekly | |
| Debtor's Brother | Nov. '08 to Jan. '09 | $3,200 | $1,200 |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None

☐     a.     List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Citibank v. Vanessa Larson Case No. 09 SC 2744 | Small Claims Proceedings | Circuit Court of Lake County, Illinois | Pending |
| Chase Bank v. Vanessa Larson Case No. 09 AR 1511 | Arbitration Proceedings | Circuit Court of Lake County, Illinois | Pending |
| Lake Forest Ob. Gyn. v. Vanessa Larson Case No. 09 SC 5614 | Small Claims Proceeding | Circuit Court of Lake County, Illinois | Judgment Entered; Wage Deduction Pending |
| Capital One Bank v. Jeffrey Larson Case No. 09 SC 5414 | Small Claims Proceedings | Circuit Court of Lake County, Illinois | Pending |

None  b.      Describe all property that has been attached, garnished or seized under any legal or equitable process
☐        within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter
         12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint
         petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| Lake Forest Ob. Gyn. | September 15, 2009 | Wage Deduction $239.00 |

**5.   Repossessions, foreclosures and returns**

None        List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a
☒        deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement
         of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning
         property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a
         joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6.   Assignments and Receiverships**

None  a.      Describe any assignment of property for the benefit of creditors made within 120 days immediately
☒        preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include
         any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated
         and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None  b.      List all property which has been in the hands of a custodian, receiver, or court-appointed official within
☒        one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or
         chapter 13 must include information concerning property of either or both spouses whether or not a joint petition
         is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7.  Gifts**

None        List all gifts or charitable contributions made within one year immediately preceding the commencement of
⊠         this case, except ordinary and usual gifts to family members aggregating less than $200 in value per individual
family member and charitable contributions aggregating less than $100 per recipient.   (Married debtors filing
under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**

None        List all losses from fire, theft, other casualty or gambling within one year immediately preceding the
⊠         commencement of this case or since the commencement of this case.   (Married debtors filing under chapter 12
or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES, AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None        List all payments made or property transferred by or on behalf of the debtor to any persons, including
☐         attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a
petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| James T. Magee<br>Magee, Negele & Associates, P.C.<br>444 North Cedar Lake Road<br>Round Lake, Illinois 60073 | | $849.00 |

**10.  Other transfers**

None

☐  a.    List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |
| Great Lakes Credit Union<br>Relationship: None | February, 2009 | Mortgage refinance to consolidate loans (No Cash Out) |

b.  List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None

☒

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

**11.  Closed financial accounts**

None

☒        List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12.  Safe deposit boxes**

None

☒        List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13.  Setoffs**

None ☒      List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case.    (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14.  Property held for another person**

None ☒      List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15.  Prior address of debtor**

None ☒      If the debtor has moved within the three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16.  Spouses and Former Spouses**

None ☒      If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NAME |
| --- |

**17.  Environmental Sites**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ☒      a.      List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3226/2 - Adobe PDF

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None

☒

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None

☒

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18. Nature, location and name of business**

None

☒

a.      If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None

☒

| NAME | ADDRESS |
|---|---|

## [Questions 19 - 25 are not applicable to this case]

\*   \*   \*   \*   \*   \*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ___September 22, 2009___   Signature
of Debtor   /s/ Jeffrey E. Larson

JEFFREY E. LARSON

Date ___September 22, 2009___   Signature
of Joint Debtor   /s/ Vanessa Larson

VANESSA LARSON

___0___ continuation sheets attached

***Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §152 and 3571***

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and required under 11U.S.C. §§ 110(b), 110(h), and 342(b); (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.

_____   _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer   Social Security No. (Required by 11 U.S.C. § 110(c).)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____
Address

X_____   _____
Signature of Bankruptcy Petition Preparer   Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

***A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. §156.***

B8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

Jeffrey E. Larson & Vanessa Larson

In re _____ ,   Case No. _____
 Debtor                                                              Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate.  *(Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)*

Property No.  1    NO SECURED PROPERTY

**Creditor's Name:**                              **Describe Property Securing Debt:**

Property will be *(check one)*:
  ☐  Surrendered                    ☐  Retained

If retaining the property, I intend to *(check at least one)*:
  ☐  Redeem the property
  ☐  Reaffirm the debt
  ☐  Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:
  ☐  Claimed as exempt                    ☐  Not claimed as exempt

Property No. 2  *(if necessary)*

**Creditor's Name:**                              **Describe Property Securing Debt:**

Property will be *(check one)*:
  ☐  Surrendered                    ☐  Retained

If retaining the property, I intend to *(check at least one)*:
  ☐  Redeem the property
  ☐  Reaffirm the debt
  ☐  Other.  Explain _____(for example, avoid lien using 11 U.S.C. §522(f)).

Property is *(check one)*:
  ☐  Claimed as exempt                    ☐  Not claimed as exempt

B8 (Official Form 8) (12/08)

**PART B** - Personal property subject to unexpired leases.  *(All three columns of Part B must be completed for Each unexpired lease.  Attach additional pages if necessary.)*

| Property No.  1    NO Leased Property | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)): <br><br> ☐ YES      ☐ NO |

| Property No.  2  *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)): <br><br> ☐ YES      ☐ NO |

| Property No.  3  *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. §365(p)(2)): <br><br> ☐ YES      ☐ NO |

___0___ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my Estate securing debt and/or personal property subject to an unexpired lease.**

Date: September 22, 2009 _____ 

/s/ Jeffrey E. Larson
_____
Signature of Debtor

/s/ Vanessa Larson
_____
Signature of Joint Debtor

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 32262 - Adobe PDF

B 201 (12/08)

Bankruptcy2009 ©1991-2009, New Hope Software, Inc., ver. 4.4.9-740 - 3262c - Adobe PDF

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois
# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.  Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days **before** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:  Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)
1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court  a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

_____    _____
Printed Name and title, if any, of Bankruptcy Petition Preparer    Social Security number (If the bankruptcy petition
Address:    preparer is not an individual, state the Social Security
_____    number of the officer, principal, responsible person, or partner of
    the bankruptcy petition preparer.)  (Required
    by 11 U.S.C. § 110.)
X_____
Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

Jeffrey E. Larson & Vanessa Larson _____    X /s/ Jeffrey E. Larson          September 22, 2009
Printed Name(s) of Debtor(s)    Signature of Debtor          Date

Case No. (if known) _____    X /s/ Vanessa Larson          September 22, 2009
    Signature of Joint Debtor (if any)    Date

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**In Re:**                                                    **Case Number:**

Jeffrey E. Larson                                    **Chapter 7**
Vanessa Larson

**VERIFICATION OF MAILING MATRIX**

**The above-named Debtor(s) hereby verifies that the attached list of creditors is true and correct to the best of my (our) knowledge.**

**Dated:** _____

_____
                                                          Debtor

_____
                                                       Joint Debtor

**James T. Magee [#01729446]
MAGEE, NEGELE & ASSOCIATES, P.C.
444 North Cedar Lake Road
Round Lake, Illinois 60073
(847) 546-0055**

ACS/Dept Of Education
501 Bleecker Street
Utica, NY 13501

Barclays Bank Delaware
125 South West Street
Wilmington, DE 19801

Capital One Bank
c/o GC Services
6330 Gulfton
Houston, TX 77081

Advocate Condell Medical Ctr.
97169 Eagle Way
Chicago, IL 60678-9710

Barclays Bank Delaware
Attention Customer Support Department
P. O. Box 8833
Wilmington, DE 19899

Capital One Services
c/o Nelson, Watson & Assoc.
80 Merrimack St. Lower Level
Haverhill, MA 01830

American Express
c/o Becket and Lee
P. O. Box 3001
Malvern, PA 19355

Bill Me Later
c/o American Coradius
2420 Sweet Home Rd. #150
Amherst, NY 14228-2244

Chase
P. O. Box 15298
Wilmington, DE 19850

American Express
P. O. Box 297871
Fort Lauderdale, FL 33329

BMW Bank Of North America
2735 East Parleys Way
Salt Lake City, UT 84109

Chase
P. O. Box 15298
Wilmington, DE 19850

Anesthesia Consultants
c/o Certified Services Inc
1733 Washington Street
Waukegan, IL 60085

BMW Financial Services
5515 Parkcenter Circle
Dublin, OH 43017

Chase
P. O. Box 15298
Wilmington, DE 19850

AT&T Midwest
c/o CBCS
P. O. Box 69
Columbus, OH 43216

BMW Financial Services
P. O. Box 3608
Dublin, OH 43016

Chase Bank
c/o American Coradius
P. O. Box 505
Linden, MI 48451-0505

Bank of America
4060 Ogletown/Stan
Newark, DE 19713

Capital One
P. O. Box 5155
Norcross, GA 30091

Chase Bank
c/o Creditors Interchange
80 Holtz Drive
Buffalo, NY 14225

Bank of America
4060 Ogletown/stan
Newark, DE 19713

Capital One
P. O. Box 85520
Richmond, VA 23285

Citibank
Attn Centralized Bankruptcy
P. O. Box 20507
Kansas City, MO 64915

Bank Of America
Attn Bankruptcy
P. O. Box 26012
Greensboro, NC 27410

Capital One
P. O. Box 85520
Richmond, VA 23285

Citibank
c/o Blatt Hasenmiller Leibsker
P. O. Box 5463
Chicago, IL 60680-5463

Bank of America
c/o NCO Financial
507 Prudential Road
Horsham, PA 19044

Capital One Bank
c/o Freedman Anselmo
P. O. Box 3228
Naperville, IL 60566-7228

Citibank
P. O. Box 6241
Sioux Falls, SD 57117

Condell Medical Center
c/o Harris & Harris, Ltd.
222 Merchandies Mart, #1900
Chicago, IL 60654

Fairview Pediatrics
c/o MHFS
P. O. Box 1996
Milwaukee, WI 53201

G M A C
2740 Arthur Street
Roseville, MN 55113

Consumers Cooperative Credit Union
P. O. Box 9119
Waukegan, IL 60079-9119

Fifth Third Bank
38 Fountain Square Place
Cincinnati, OH 45202

Gastroenterology Consultants
890 Garfield Avenue
Suite 103
Libertyville, IL 60048

Dell Financial Services
Attn: Bankruptcy Dept.
12234 North IH 35
Austin, TX, 78753

Fifth Third Bank
5050 Kingsley Drive
Cincinnati, OH 45263

GEMB/Gap
c/o CAC Financial Corp.
2601 NW Expressway,
#1000East
Oklahoma City, OK
73112-7236

Dell Financial Services
c/o Accounts Receivable
P. O. Box 129
Throrfare, NJ 08086-0129

Fifth Third Bank
5050 Kingsley Drive
Cincinnati, OH 45263

GEMB/Gap
P. O. Box 981400
El Paso, TX 79998

DSNB Macys
9111 Duke Blvd
Mason, OH 45040

Fifth Third Bank
c/o Bankruptcy Dept
1850 East Paris
Grand Rapids, MI 49546

GEMB/JC Penney
Attention: Bankruptcy
P. O. Box 103106
Roswell, GA 30076

DSNB/Macys
c/o Omni Credit Services
P. O. Box 23381
Tampa, FL 33623

Fifth Third Bank
c/o Bankruptcy Dept
1850 East Paris
Grand Rapids, MI 49546

GEMB/JC Penney
P. O. Box 984100
El Paso, TX 79998

Edsouth W/JP Morgan
120 N Sevenoaks Dr
Knoxville, TN 37922

Fifth Third Bank/HSBC NV
Bankruptcy Department
P. O. Box 3425
Buffalo, NY 14240-9733

GEMB/Paypal Buyer Credit
c/o NCO Financial
4740 Baxter Road
Virginia Beach, VA 23462

Edsouth W/JP Morgan
120 N Sevenoaks Dr
Knoxville, TN 37922

First National Bank of Omaha
c/o Unifund
10625 Techwoods Circle
Cincinnati, OH 45242

Great Lakes Credit Union
2525 Green Bay Road
North Chicago, IL 60064

Edsouth W/JP Morgan
120 N Sevenoaks Dr
Knoxville, TN 37922

G M A C
15303 South 94th Ave
Orland Park, IL 60462

HSBC
c/o NCO Financial
507 Prudential Road
Horsham, PA 19044

Fairview Pediatrics
c/o MHFS
10200 W Innovation Dr St
Milwaukee, WI 53226

G M A C
2740 Arthur Street
Roseville, MN 55113

HSBC Bank
Attn: Bankruptcy
P. O. Box 5253
Carol Stream, IL 60197

HSBC Bank Nevada
c/o Midland Credit Mgmt
8875 Aero Drive
San Diego, CA 92123

HSBC Card Services
c/o Malcolm S. Gerald & Assoc.
332 S. Michigan Ave., #600
Chicago, IL 60604

HSBC NV
Bankruptcy Department
P. O. Box 3425
Buffalo, NY 14240-9733

HSBC/Fifth Third Bank
P. O. Box 80051
Salinas, CA 93912-0069

Internal Revenue Service
230 South Dearborn Street
Stop 5014CHI
Chicago, IL 60604

Kohls/Chase
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051

Lake County Anesthesiologists
P. O. Box 70
Lake Forest, IL 60045

Lake County Radiology Assoc.
c/o Dependon Collection Se
P. O. Box 4833
Oak Brook, IL 60522

Lake Forest Hospital
c/o CBCS
P. O. Box 165025
Columbus, OH 43216-5025

Macys/FDSB
Macys Bankruptcy
P. O. Box 8053
Mason, OH 45040

Midwest Diagnostic Pathology
75 Remittance Drive
Suite 3070
Chicago, IL 60675-3070

Midwest Diagnostic Pathology
c/o Medical Recovery
225 E. Devon Ave., #352
Des Plaines, IL 60018-4519

Quest Diagnostics
c/o Credit Collection
Two Wells Ave. Dept. 587
Newton, MA 02459

Sallie Mae
1002 Arthur Drive
Lynn Haven, FL 32444

Sallie Mae
1002 Arthur Drive
Lynn Haven, FL 32444

Sallie Mae
Attn: Claims Dept
P. O. Box 9500
Wilkes Barre, PA 18773

Sears/Citibank
701 East 60th St N
Sioux Falls, SD 57117

Sears/Citibank
P. O. Box 6189
Sioux Falls, SD 57117

Sears/Citibank
P. O. Box 6286
Sioux Falls, SD 57117

Shop At Home PCM Purchase
c/o Prfrmnce Cap
7001 Village Drive, #255
Buena Park, CA 90621

Terminix International
c/o Nationwide Credit
2015 Vaughn Rd., NW #400
Kennesaw, GA 30144-7802

US Airways/Barclay Bank
c/o Northstar Location Serv.
4285 Genesee Street
Cheektowaga, NY
14225-1943

Wachovia/ACS
501 Bleecker Street
Utica, NY 13501

Wachovia/ACS
501 Bleecker Street
Utica, NY 13501

Walgreens Home Care
P. O. Box 4018
Danville, IL 61834-4018

Walgreens Home Medical
Care
c/o Affiliated Group, inc.
P. O. Box 7739
Rochester, MN 55903

Washington Mutual/Providian
Attn Bankruptcy Dept.
P. O. Box 10467
Greenville, SC 29603

WFNNB The RoomPlace
Bankruptcy Department
P. O. Box 182125
Columbus, OH 43218-2125

WFNNB The RoomPlace
c/o Nco Fin22
507 Prudential Road
Horsham, PA 19044

XM Satellite Radio
c/o Collection Company
700 Longwater Drive
Norwell, MA 02061

B203
12/94

# United States Bankruptcy Court
### Northern District of Illinois

In re  Jeffrey E. Larson & Vanessa Larson

Case No. _____

Chapter _____7_____

Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s)
and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services
rendered or to be rendered on behalf  of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follow s:

For legal services, I have agreed to accept ........................................................... $ ____2,600.00____

Prior to the filing of this statement I have received ........……………........... $ ____400.00____

Balance Due ....................................……………………………….................. $ ____2,200.00____

2.  The source of compensation paid to me was:

☑ Debtor          ☐ Other (specify)

3.  The source of compensation to be paid to me is:

☑ Debtor          ☐ Other (specify)

4.  ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and
associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates
of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c.  [Other provisions as needed]
Upon confirmation of written Post-Petition Fee Agreement for payment of Balance Due, representation of the Debtor at the
meeting of creditors and confirmation hearing, and any adjourned hearings thereof.

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:
Representation of the debtor in adversary proceedings and other contested bankruptcy matters.

---

### CERTIFICATION

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the
debtor(s) in the bankruptcy proceeding.

_____September 22, 2009_____
Date

_____/s/ James T. Magee_____
Signature of Attorney

_____Magee, Negele & Associates, P.C._____
Name of law firm

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| Jeffrey E. Larson | ) | Bankruptcy Case No. |
| Vanessa Larson | ) | |
| | ) | |
| Debtor(s). | ) | |

## DECLARATION REGARDING ELECTRONIC FILING
### Signed by Debtor(s) or Corporate Representative
### To Be Used When Filing over the Internet

PART I - DECLARATION OF PETITIONER                    Date:_____

A.     To be completed in all cases.

   I(We) **Jeffrey E. Larson** and Vanessa Larson
   , the undersigned debtor(s), corporate officer, partner, or member, hereby declare under penalty of perjury that the information I(we) have given my (our)attorney, including correct social security number(s) and the information provided in the electronically filed petition, statements, schedules, and if applicable, application to pay filing fee in installments, and Application for Waiver of the Chapter 7 Filing Fee, is true and correct. I(we) consent to my(our) attorney sending the petition, statements, schedules, and this DECLARATION to the United States Bankruptcy Court. I(we) understand that this DECLARATION must be filed with the Clerk in addition to the petition. I(we) understand that failure to file this DECLARATION will cause this case to be dismissed pursuant to 11 U.S.C. sections 707(a) and 105.

B.     To be checked and applicable only if the petitioner is an individual (or individuals) whose debts are primarily consumer debts and who has (or have) chosen to file under chapter 7.

   ☒     I(we) am(are) aware that I(we) may proceed under chapter 7, 11, 12, or 13 of Title 11 United States Code; I(we) understand the relief available under each such chapter; I(we) choose to proceed under chapter 7; and I(we) request relief in accordance with chapter 7.

C.     To be checked and applicable only if the petition is a corporation, partnership, or limited liability entity.

   ☐     I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor.  The debtor requests relief in accordance with the chapter specified in the petition.

Signature:_____   Signature:_____
        (Debtor or Corporate Officer, Partner or Member)                    (Joint Debtor)